UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TWEEN BRANDS, INC., MARKETING
AND SALES PRACTICES LITIGATION                                          MDL No. 2646


ORDER DENYING TRANSFER


**Before the Panel:**[*]   Plaintiff in the Southern District of Ohio action (*Kallay*) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Ohio. The litigation consists of five actions, listed on Schedule A, that challenge the advertising practices of Justice Stores, a retail chain focused on selling fashionable clothes for girls ages 7 to 14. Since plaintiffs filed this motion, the parties have notified the Panel of four potentially related actions filed in various districts.

Plaintiffs in six actions or potential tag-along actions support centralization in the Southern District of Ohio. Defendant Tween Brands, Inc. (Tween Brands) and its parent company Ascena Retail Group, Inc. (Ascena) suggest centralization in the Eastern District of Pennsylvania, as do plaintiffs in the Eastern District of Pennsylvania *Mehigan* action.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions unquestionably share some factual questions. Plaintiffs in all actions allege that Justice stores advertised a sale (through signs, postcards, mailings, etc.) in which the contents of its entire store was 40% off regular retail prices. Plaintiffs contend that "40% off retail" was an illusory and deceptive offer because the store's products were always 40% off.

We are not convinced that the common issue among the actions—whether a 40% off sale that never ends is deceptive—is sufficiently complex to warrant creating an MDL. Centralization of pretrial proceedings is unnecessary for such a factually straightforward marketing and sales practices docket. Our decision to deny centralization here is analogous to our previous denial of centralization in five dockets with claims arising from the defendants' inclusion of cardholder ZIP codes on customer retail receipts. *See In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litigation*, 804 F. Supp. 2d 1376, 1379 (J.P.M.L. 2011) (MDL Nos. 2256, 2259, 2260, 2267 and 2268) (denying centralization of "relatively straightforward" claims that could "proceed just as

---

[*] Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

efficiently without centralization"). Similarly, we also declined to centralize cases involving straightforward deceptive advertising claims regarding various food products.[2]

Further underscoring the lack of need for an MDL proceeding, plaintiffs in certain Eastern District of Pennsylvania actions and defendants reported that they have reached a settlement in principle on behalf of a putative nationwide class of consumers. At oral argument, moving plaintiff suggested that the term sheet regarding the purported settlement was inadequate and that, at a minimum, more discovery was needed. Moving plaintiff also argued that the settling parties did not share sufficient information with them about the settlement. Assuming the settlement in principle is executed, plaintiffs presumably can raise these and any other concerns they may have at a fairness hearing regarding the proposed settlement.[3]

In these circumstances, to the extent that there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the involved courts is preferable to centralization. *See, e.g.*, *In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

---

[2] *See In re: Nutella Mktg. and Sales Pracs. Litig.*, 804 F. Supp. 2d at 1375 (denying centralization of claims that Nutella was rendered "unnatural" because it contained sugar); *In re: Skinnygirl Margarita Beverage Mktg. & Sales Pracs. Litig.*, 829 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011) (denying centralization of claims that margarita mix containing sodium benzoate was deceptively advertised as "all natural"); *In re: Kashi Co. Mktg. & Sales Pracs. Litig.*, 959 F. Supp. 2d 1357, 1358 (J.P.M.L. 2013) (denying centralization of cases alleging that defendant misleadingly listed "evaporated cane juice" or "evaporated cane juice crystals" on the labels of certain products).

[3] *See In re DirectBuy, Inc., Mktg. & Sales Practices Litig.*, 682 F. Supp. 2d 1349, 1350 (J.P.M.L. 2010) ("We do not consider the DirectBuy defendants' apparent preference to negotiate with certain plaintiffs' counsel over counsel for other plaintiffs as particularly relevant to our primary statutory inquiry ... if (as some plaintiffs presume) plaintiffs in one or more of the actions reach a nationwide settlement with the DirectBuy defendants, plaintiffs in the non-settling actions should reasonably anticipate an opportunity to object to the proposed settlement at any fairness hearing regarding the proposed settlement.").

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: TWEEN BRANDS, INC., MARKETING
AND SALES PRACTICES LITIGATION**            MDL No. 2646

## SCHEDULE A

<u>District of Maryland</u>

JOINER v. TWEEN BRANDS, INC., C.A. No. 1:15‒01590

<u>Eastern District of Missouri</u>

GALLAGHER v. TWEEN BRANDS, INC., C.A. No. 4:15‒00833

<u>Southern District of Ohio</u>

KALLAY v. TWEEN BRANDS, INC., C.A. No. 2:15‒02238

<u>Eastern District of Pennsylvania</u>

MEHIGAN, ET AL. v. ASCENA RETAIL GROUP, INC., ET AL.,
      C.A. No. 2:15‒00724
TRAYNOR‒LUFKIN, ET AL. v. TWEEN BRANDS, INC.,
      C.A. No. 2:15‒02712